UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DIANA BELLASALMA and
JAMES BELLASALMA,

        Plaintiffs,

     v.

COLTON RV, LLC and
FIFTH THIRD BANK, N.A.,

        Defendants.

_____

22-CV-765 (JLS)

## DECISION AND ORDER

Plaintiffs Diana and James Bellasalma commenced this action asserting claims arising from an alleged breach of contract. *See* Dkts. 1, 4. Defendants Colton RV, LLC and Fifth Third Bank, N.A. moved to dismiss Plaintiffs' claims based on a purported settlement agreement. Dkt. 12-1, at 6. Defendants attached several e-mail exhibits in support of the motion to dismiss. Dkt. 12-2, 94–105. In his Report and Recommendation ("R&R"), Judge Foschio recommended that— pursuant to Rule 12(d)—this Court convert Defendants' motion to dismiss to a motion for summary judgment and grant the summary judgment motion.[1] Dkt. 19. After briefing on Plaintiffs' objections to the R&R, this Court accepted and adopted Judge Foschio's recommendation and granted Defendants' motion for summary

_____

[1] On January 18, 2023, this Court had referred the case to United States Magistrate Judge Leslie G. Foschio for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Dkt. 15.

judgment.  Dkt. 24.  This Court's dismissal was based on the existence of a settlement agreement consummated by the parties before Plaintiffs filed their complaint.  *Id.*  No counterclaim had been filed.

On January 29, 2024, Defendant Colton RV filed a motion for contempt, arguing that Plaintiffs failed to comply with an order of this Court.[2]  Dkt. 29.  The Bellasalmas opposed, Dkt. 31, and Colton RV replied, Dkt. 34.  Colton RV argues that this Court retained jurisdiction over this matter by incorporating the terms of the settlement agreement in its dismissal order.  Dkt. 29-1, at 4.  In Colton RV's view, the R&R incorporated the terms of the settlement agreement, which this Court later adopted when it granted Colton RV's motion for summary judgment.

Colton RV's view is not supported by the caselaw.  Rather, federal courts are courts of limited jurisdiction and possess "only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *accord Gunn v. Minton*, 568 U.S. 251, 256 (2013).  And to retain ancillary jurisdiction to enforce a settlement agreement, "a district court's order of dismissal must either (1) expressly retain jurisdiction over the settlement agreement, or (2) incorporate the terms of the settlement agreement in the order." *Hendrickson v. United States*, 791 F.3d 354, 358 (2d Cir. 2015) (citing *Kokkonen*, 511 U.S. at 381); *see also StreetEasy, Inc. v. Chertok*, 752 F.3d 298, 305 (2d Cir. 2014).  In such a case, a district court "necessarily makes compliance with the terms of the settlement

---

[2] Plaintiffs' appeal—filed on October 27, 2023—is currently pending before the Second Circuit.  Dkt. 26.

agreement a part of its order so that a breach of the agreement would be a violation of the order." *Id.* at 305 (cleaned up). As a result, a court may "enforce the settlement as an exercise of its ancillary jurisdiction[.]'" *Id.* (quoting *Kokkonen*, 511 U.S. at 380).

In contrast, a court's "mere awareness and approval of the terms of [a] settlement agreement [does] not suffice to make them part of [the court's] order." *Kokkonen*, 511 U.S. at 378. A court cannot retain jurisdiction simply by "plac[ing] its 'judicial imprimatur' on the agreement." *See Hendrickson*, 791 F.3d at 358–59 (internal citation omitted).

Indeed, where orders lack language explicitly expressing the intent to retain jurisdiction or to incorporate the terms of the parties' settlement agreement, courts decline to enforce settlement agreements. *See, e.g., StreetEasy*, 752 F.3d at 305 (dismissal order "merely acknowledge[d] the existence of the settlement that precipitated the dismissal" and lacked explicit reference to retaining jurisdiction or incorporating terms); *Sanchez v. Charity Rest. Corp.*, No. 14 Civ. 5468 (HBP), 2019 WL 4187356, at *2 (S.D.N.Y. Sept. 4, 2019) (inclusion of material terms of a settlement agreement in the order of dismissal, recitation of material terms of settlement in open court, and inquiry into fairness of that settlement did not render the terms of the agreement "incorporated" for ancillary jurisdiction purposes).

In this case, no valid jurisdictional basis exists to enforce the settlement agreement. The Decision and Order accepting and adopting the R&R did not expressly retain jurisdiction or incorporate the terms of the settlement agreement.

The R&R's reference to a chain of emails between the parties—the terms of the settlement agreement—was a factual recitation used to determine the existence of a contract.  Neither the R&R's discussion of the emails nor this Court's adoption of the R&R can be characterized as an "express incorporation" of the terms of the settlement agreement.[3]  As such, ancillary jurisdiction is absent.  *See Kokkonen*, 511 U.S. at 379–80.  Defendant Colton RV's motion for contempt of court (Dkt. 29) is, therefore, DENIED.

SO ORDERED.

Dated:      February 26, 2024
            Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

_____

[3] Given that ancillary jurisdiction does not exist, the Court does not to reach Defendant's argument based on Rule 70 of the Federal Rules of Civil Procedure. *See* Dkt. 29-2, at 5.